IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE ANGEL GALVEZ JOVEL,

    Petitioner,

v.                                                                         No. 1:25-cv-01233-KG-DLM

KRISTI NOEM, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jose Angel Galvez Jovel's 28 U.S.C. § 2241 habeas corpus petition. Doc. 1. The Government responded to Petitioner's habeas petition on January 15, 2026. Doc. 13. Because Petitioner's challenge presents a legal question, the Court declines to hold a hearing and grants his petition for the reasons below. *See* 28 U.S.C. § 2243.

## *I.     Background*

Petitioner is a citizen of Guatemala who entered the United States in May 2016 without inspection or admission. Doc. 13 at 2. He lives in Oregon with his U.S. citizen fiancé and U.S. citizen minor child, "both of whom rely on him." Doc. 1 at 10–11.

Immigration and Customs Enforcement ("ICE") arrested Petitioner on October 26, 2025, in the Portland area. *Id.* at 10. He is detained at the Cibola County Correctional Center in New Mexico. *Id.* at 11. ICE placed Petitioner in removal proceedings under 8 U.S.C. § 1229a and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a person who entered the United States without inspection. *Id.* ICE also issued a custody determination to continue his detention without an opportunity to post bond or to be released on other conditions. *Id.*

1

Petitioner claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 1 at 24. He seeks immediate release or, alternatively, a prompt bond hearing. *Id.* at 13.

## II.     *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

For the reasons below, (A) 8 U.S.C. § 1226 governs Petitioner's detention and (B) Petitioner is entitled to a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Petitioner's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Title 8 U.S.C. 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, 8 U.S.C. § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across 50 courts); *see also Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288 (D.N.M.) (Gonzales, J.); *Patel v. Noem*, 2026 WL 103163 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies to noncitizens "*seeking* admission." (Emphasis added.) Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission" and fall under § 1226. *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Petitioner detention. ICE arrested him approximately nine years after his initial entry into the United States. Doc. 1 at 10–11. ICE did not apprehend him at the border, but in the Portland area. *Id.* Section 1225's mandatory detention provision therefore does not apply because Petitioner effected an entry by living in the United States for approximately nine years. *Pu Sacvin*, 2025 WL 3187432, at *3. He is therefore not seeking admission and is entitled to a bond hearing under § 1226.

    **B.**     ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. "[U]nder normal circumstances," the burden at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted—but Petitioner's "unlawful detention...shifts

that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3.  A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

## IV. *Conclusion*

The Court grants Petitioner's § 2241 habeas petition.  Doc. 1.  Because the Court decides the petition on statutory grounds, it does not address his due process claim.  The Government must provide Petitioner with a bond hearing before an IJ within seven days of this Order.  At that hearing, the Government must justify Petitioner's continued detention by clear and convincing evidence.  If the Government fails to provide a bond hearing within that timeframe, it must release Petitioner.

The Court also orders the Government to file a status report within ten days of this Order confirming that it has either provided Petitioner with a bond hearing or released him.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.