IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE ANGEL GALVEZ JOVEL,

     Petitioner,

v.                                          No. 1:25-cv-01233-KG-DLM

KRISTI NOEM, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Jose Angel Galvez Jovel's Motion to Enforce, Doc. 17, and the Government's Response in Opposition, Doc. 19. Mr. Galvez Jovel contends that, although the Government provided him with a bond hearing, it did not comply with this Court's previous order, Doc. 14. After reviewing the parties' submissions and a transcript of the bond proceeding, the Court concludes that the hearing satisfied the procedures mandated by its earlier ruling and denies Mr. Galvez Jovel's motion.

### I.   *Background*

Petitioner is a citizen of Guatemala who entered the United States in May 2016 without inspection or admission. Doc. 13 at 2. Immigration and Customs Enforcement ("ICE") arrested Petitioner on October 26, 2025, in the Portland area. *Id.* at 10. He is detained at the Cibola County Correctional Center in New Mexico. *Id.* at 11.

This Court concluded that Mr. Galvez Jovel's detention violated the Immigration and Nationality Act ("INA") because the Government had detained him under 8 U.S.C. § 1225(b) when he should have been detained under § 1226(a). The Court further concluded that the proper constitutional remedy for this violation was a bond hearing at which the Government

1

would bear the burden of justifying Mr. Galvez Jovel's continued detention by clear and convincing evidence. *Id.* at 4–5.

On January 26, 2026, an immigration judge ("IJ") presided over Mr. Galvez Jovel's bond hearing. At the hearing, the IJ stated that "this...writ from New Mexico Court, District Court...puts the clear and convincing [burden] onto DHS to show danger to the community and flight risk." Doc. 17-3 at 2. The IJ concluded that Mr. Galvez Jovel's "asylum application does not appear to be very promising" and denied bond "based on speculative relief and also [his] manner of entry." *Id.* at 5.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court concludes that (A) it has jurisdiction to consider Mr. Galvez Jovel's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.    The Court has jurisdiction to consider Mr. Galvez Jovel's motion.

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Mr. Galvez Jovel's claim. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction). Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section

regarding the detention or release of any alien." But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same). Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352; *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework also reflects a district court's authority to ensure compliance with its own habeas orders. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here. Mr. Galvez Jovel does not challenge the immigration judge's discretionary weighing of the evidence or the ultimate bond determination. Rather, he raises a constitutional claim that the immigration judge failed to follow the due process requirements set forth by this Court when denying bond.

### B.     The bond hearing comported with due process.

Mr. Galvez Jovel's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Mr. Galvez Jovel's habeas petition, however, this Court held that due

3

process required shifting that burden to the Government. The record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order. Most notably, the IJ stated that "there was some burden shifting" in this Court's prior order "that puts the clear and convincing [burden] onto DHS to show danger to the community and flight risk." Doc. 17-3 at 1. The IJ placed the burden on the Government to justify continued detention by clear and convincing evidence, as this Court required. This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed. Rather, a review of the bond determination is for the Board of Immigration Appeals.

## IV.  Conclusion

Mr. Galvez Jovel's Motion to Enforce this Court's prior habeas order is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.